IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| D.F.O., LLC and Denny's, Inc., | ) | C/A No. 7:17-cv-01986-DCC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| UR Partners, LLC and Uzma Rafik, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court upon Defendants' Motion to Dismiss for Improper Venue or, in the Alternative, for Transfer of Venue. ECF No. 16. Plaintiffs filed a Response in Opposition, ECF No. 17, and Defendants filed a Reply, ECF No. 18. The Court heard argument on the Motion on April 3, 2018. Therefore, the Motion is ripe for review.

I. **Procedural and Factual History**

Defendant Uzma Rafik has extensive experience operating franchise restaurants throughout the United States. ECF No. 16-2 at 2–3. Sometime between 2008 and 2010, Defendant Rafik and her husband travelled to a franchise convention and met Doug Wong, the Senior Director of Global Franchise Recruitment for Denny's, Inc. *Id.* at 3. Defendant Rafik became interested in operating a Denny's franchise, filled out a franchise application, and sent it to Mr. Wong. *Id.* Defendant Rafik then met with Mr. Wong in San Jose, California, where she had her initial recruiting interview. *Id.* Subsequent to this interview, Mr. Wong requested that Defendant Rafik travel to Philadelphia, Pennsylvania to meet with Bob Clemens, Denny's Northeast Regional Director of Franchise Operations. *Id.* at 4. These interviews were successful, and Defendant Rafik was preapproved for a

1

Denny's franchise. *Id.* Prior to purchasing a franchise, Defendant Rafik and her husband travelled to Spartanburg, South Carolina for a "discovery day" to meet some of the Denny's senior management. *Id.* Ultimately, Defendant Rafik purchased a Denny's franchise in East Brunswick, New Jersey. *Id.* Defendant Rafik created Defendant UR Partners, LLC, in order to own and operate the Denny's franchise. *Id.* at 2. Defendant UR Partners, LLC, signed a Franchise Agreement, wherein it agreed "that any action brought by either party against the other in any court, whether federal or state, will be brought within the State of South Carolina." ECF No. 1-1 at 30. Defendant Rafik signed a personal guaranty, in which she "agree[d] that any action brought by either party against the other in any court, whether federal or state, will be brought within the State of South Carolina." ECF No. 1-3 at 3.

Several years after Defendants opened the franchise, Plaintiffs provided notice that Defendants were in breach of the Franchise Agreement and Lease Agreement for a variety of reasons. Unable to resolve this dispute, Plaintiffs filed the instant case against the Defendants. In response, Defendants filed a Motion to Dismiss, or Alternatively, for Transfer of Venue to the District of New Jersey. ECF No. 16. Plaintiffs filed a Response, in which they contend that venue is appropriate in the District of South Carolina and transfer is inappropriate in light of the forum selection clauses to which Defendants voluntarily assented. ECF No. 17. Defendants filed a Reply, ECF No. 18, and the Motion is now ripe for review.

## II. Legal Standard

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3)

Motions brought under Fed. R. Civ. P. 12(b)(3) are disfavored. *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 549 (4th Cir. 2006). The Court may "freely consider evidence outside the pleadings" when ruling on a Rule 12(b)(3) motion. *Id.* at 549–50. "A plaintiff is obliged, however, to make only a prima facie showing of proper venue in order to survive a motion to dismiss." *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012) (citation omitted). In assessing whether a plaintiff has made the required showing, the Courts must view the facts in the light most favorable to the plaintiff. *Id.*

Generally, a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). "[I]t is possible for venue to be proper in more than one judicial district." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004).A case filed in an incorrect venue must be dismissed, or, if in the interests of justice, transferred to a district in which it could have been brought. 28 U.S.C. § 1406(a).

## B. Motion for Transfer of Venue Pursuant to 28 U.S.C. § 1404(a)

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "The appropriate venue of an action is a procedural matter that is governed by federal rule and statutes." *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 651 (4th Cir. 2010) (citing Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1391; 28 U.S.C. § 1406(a)). Whether a case should be transferred to an alternative venue is a decision that rests within the sound discretion of the district court. *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984).

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 62 (2013). However, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* "[A] valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum[,]" should be "given controlling weight in all but the most exceptional cases.'" *Id.* at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 467 U.S. 22, 31, 33 (1988)).

A court conducts a two-part analysis in deciding whether to enforce the parties' forum-selection clause. First, the court must determine whether the forum-selection clause is valid and enforceable. *Id.* A forum-selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be

4

'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A forum-selection clause may be considered unreasonable if "(1) [its] formation was induced by fraud or over-reaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [its] enforcement would contravene a strong public policy of the forum state." *Albemarle Corp.*, 628 F.3d at 651 (quoting *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996)). Second, the court must consider whether "extraordinary circumstances" would hinder the enforcement of the forum-selection clause. *Atl. Marine*, 571 U.S. at 62. In making this determination, the court may consider "arguments about public-interest factors only." *Id.* at 64.

### III. Analysis

Initially, the Court must determine whether proper venue lies in the United States District Court for the District of South Carolina under 28 U.S.C. § 1391(b). As Defendants are not residents of South Carolina, the relevant inquiry is one under 28 U.S.C. § 1391(b)(2), which states that venue is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." "[I]n determining whether events or omissions are sufficiently substantial to support venue under [Section 1391(b)(2)], a court should not focus only on those matters that are in dispute or that directly led to the filing of the action." *Mitrano*, 377 F.3d at 405 (citation omitted). "Rather, it should review 'the entire sequence of events underlying the claim.'" *Id.* (quoting *Uffner v. La Reunion Fracaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001)).

5

Here, while Defendants point out a number of events that occurred outside of South Carolina, the Court agrees with Plaintiffs that a substantial part of the events or omissions giving rise to the claim did occur in South Carolina. For example: (1) Defendants applied to be a franchisee knowing that Plaintiffs were headquartered in South Carolina; (2) Defendants came to South Carolina to gather information about the franchise opportunity; (3) Defendants use Plaintiffs' resources based in South Carolina for the financial operation of the franchise; (4) Defendants provided financial information and franchise information to Plaintiffs in South Carolina; and (5) Defendants used advertising and marketing materials developed by Plaintiffs in South Carolina. These facts are essential to understanding the course of conduct that led to the eventual franchise operation dispute underscoring this lawsuit. Drawing all inferences in favor of the Plaintiffs, as it must, the Court finds that the acts are substantial enough to give rise to venue under § 1391(b)(2) in light of the nature of the controversy in this case. *See Silo Point II LLC v. Suffolk Const. Co., Inc.*, 578 F. Supp. 2d 807, 809 (D. Md. 2008) ("Nevertheless, '[i]n deciding a motion to dismiss, all inferences must be drawn in favor of the plaintiff, and the facts must be viewed as the plaintiff most strongly can plead them.'" (quoting *Sun Dun, Inc. of Washington v. Coca-Cola Co.*, 740 F. Supp. 381, 385 (D. Md. 1990))).

Having established that venue is proper here, the Court must now determine whether a transfer of venue under 28 U.S.C. § 1404(a) is appropriate. It is undisputed that the parties entered into a forum selection clause that dictates venue is appropriate in South Carolina. However, Defendants now contend that the forum selection clause is an unconscionable adhesion contract. The Court disagrees and finds that the forum

selection clause is valid and enforceable. Defendant Rafik filed a Declaration outlining her extensive experience in the franchise restaurant business. It strains credibility to contend that Defendant Rafik did not have the knowledge and experience to meaningfully evaluate and negotiate a proposed franchise agreement. *See* ECF No. 16-2 at 2–3 (outlining Defendant Rafik's experience operating eleven Long John Silver franchises).

Moreover, Defendants have offered no evidence that the forum-selection clause is unreasonable. To that end, there is no evidence that the forum-selection clause was induced by fraud or overreaching, that Defendants will be deprived of their day in court, or that any public policy is contravened. While Defendants claim that New Jersey would be a more appropriate venue to resolve proposed counterclaims under the New Jersey Franchise Practices Act, federal courts can and do apply the law of various states in many cases. Of course, Defendants may be disadvantaged by having to travel to South Carolina to litigate this case; however, great deference is shown to the Plaintiffs' choice of venue as they initiated the lawsuit in the venue designated by the forum-selection clause, and South Carolina has a significant public interest in resolving disputes involving South Carolina businesses. *See Brock v. Entre Comput. Ctrs., Inc.*, 933 F.2d 1253, 1258 (4th Cir. 1991) ("No matter which forum is selected, one side or the other will be burdened with bringing themselves and their witnesses from far away."); *see also Ashmore v. Allied Energy, Inc.*, No. 8:14-cv-00227-JMC, 2015 WL 128596, at *4 (D.S.C. Jan. 9, 2015) (noting the interest of South Carolina courts in resolving disputes involving South Carolina citizens). In short, Defendants have not offered any compelling public-interest factors that would justify disregarding the parties' agreed upon forum-selection clause. Defendant Rafik is a sophisticated franchise owner who willingly agreed to litigate her

claims in South Carolina courts, and this Court must enforce the forum-selection clause to effectuate the agreement of the parties.

IV. **Conclusion**

For the foregoing reasons, Defendants' Motion, ECF No. 16, is **DENIED**.

IT IS SO ORDERED.

                                              s/Donald C. Coggins, Jr.
                                              United States District Judge

June 15, 2018
Spartanburg, South Carolina